**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **THERESA GARNER, et al.,** * | |
| * | |
| **Plaintiffs** * | |
| * | |
| v. * | **Civil Action No. PWG-13-2662** |
| * | |
| **COUNTRY CARE, LLC, et al.,** * | |
| * | |
| **Defendants** * | |

******

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Motion for Judgment against Defendants Country Care LLC and James Prodoehl ("Plaintiff's Motion")(ECF No. 9).[1] Plaintiffs brought this action asserting claims under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§3-401, *et seq*. ("MWHL"), and the Maryland Wage Payment and Collection Law, Maryland Code, Labor and Employment Article §§3-501 *et seq*. ("MWPCL"). On October 25, 2013, the Clerk of the Court made an entry of default as to Defendant Country Care, LLC ("Country Care") (ECF No. 6). Defendant Country Care filed a Motion to Dismiss which was ordered stricken on June 17, 2014.

Pursuant to 28 U.S.C. § 636, and Local Rule 301, the Honorable Paul W. Grimm referred this matter to me for the making of a Report and Recommendation concerning default judgment

---

[1] On June 17, 2014, the Court stayed the case with respect to James Prodoehl based upon the filing of Suggestion of Bankruptcy. *See* ECF No. 14. Accordingly, this Report and Recommendation only addresses Plaintiffs' Motion with respect to Defendant Country Care, LLC.

and/or damages. For the reasons stated herein, I recommend the Court GRANT the Motion and award Plaintiffs damages and associated relief as enumerated herein.

I.     **Factual and Procedural Background**

Plaintiffs filed their Complaint on September 12, 2013 in an effort to recover damages under the FLSA, MWHL and MWPCL. Defendant Country Care failed to file an answer or other responsive pleading. Accordingly, Plaintiffs have now set forth, with supporting affidavits, their analysis of damages incurred.

A.     **Damages Claimed by Theresa Garner**

Ms. Garner represents that she was employed by Defendant Country Care as a health care worker from the summer of 2009 through May of 2013. See Affidavit of Theresa Garner ("Garner Aff.") attached to Plaintiffs' Motion as Ex. 1, ¶ 2. Her regular rate of pay was $14.00 per hour. Garner Aff. ¶ 4. Ms. Garner claims to have worked a total of 985.52 hours of documented overtime without proper compensation at the rate of one and one half (1½) times her regular rate of pay. Garner Aff. ¶¶ 5 and 7. Ms. Garner claims documented overtime wages in the amount of $4,936.56 based upon an average of $4.94 per hour of overtime wages not paid. Garner Aff. ¶ 8; Pls.' Mot. Ex. 5. She also claims sums due for 54 hours of undocumented overtime. Garner Aff. ¶¶ 10-13. These sums total $1,134.00. Ms. Garner claims that as a result of the trebling of damages under Maryland law for unpaid wages, she is due another $2,268.00. In total, Ms. Garner seeks judgment in the amount of $13,275.12, plus prejudgment interest in the amount of $284.80. In support thereof, Ms. Garner directs the Court's attention to copies of her paystubs and calculations regarding overtime wages due. Pls.' Mot. Ex. 3 and 5. See also the Supplemental Affidavit of Theresa Garner filed under ECF No. 16-1.

### B. Damages Claimed by Latrice Smith

Ms. Smith represents that she was employed by Defendants as a health care worker from June 2011 through June of 2013.  See Affidavit of Latrice Smith ("Smith Aff.") attached to Plaintiffs' Motion as Ex. 2, ¶ 2.  Ms. Smith claims to have worked a total of 2,075.61 hours of overtime without proper compensation at the rate of one and one half (1½) times her regular rate of pay.  Smith Aff. ¶¶ 5 and 6.  Ms. Smith claims documented overtime wages in the amount of $12,453.66.  See Pls.' Mot. Ex. 6.  She claims an additional 132.5 hours of undocumented overtime totaling $2,385.00.  Smith Aff. ¶¶ 9-12.  Ms. Smith claims that as a result of the trebling of damages under Maryland law for unpaid wages she is due another $4,770.00.  In total, Ms. Smith seeks judgment in the amount of $32,062.32, plus prejudgment interest in the amount of $1,517.06.  In support thereof, Ms. Smith directs the Court's attention to copies of her paystubs and calculations regarding overtime wages due.  Pls.' Mot. Ex. 4 and 6.  See also the Supplemental Affidavit of Latrice Smith filed under ECF No. 16-2.

## II. Standard of Review

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments.  Rule 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  If, after entry of default, the plaintiff's complaint does not specify a "sum certain" amount of damages, the Court may enter a default judgment against the defendant pursuant to Rule 55(b)(2).  In considering a motion for default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability.  *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001).  However, "liability is not

deemed established simply because of the default . . . and the Court, in its discretion, may require some proof of the facts that must be established in order to determine liability." *Id.* The Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), but finds that default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party," *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the plaintiff establishes liability, the Court then turns to the determination of damages. *See Ryan*, 253 F.3d at 780–81. The Court must make an independent determination regarding damages and cannot accept as true factual allegations. *See Lawbaugh*, 359 F. Supp. 2d at 422. Rule 54(c) of the Federal Rules of Civil Procedure limits the type and amount of damages that may be entered as a result of a party's default, stating that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). While the Court may conduct an evidentiary hearing to determine damages, it is not required to do so. *See, e.g.*, *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment was entered against defendant because plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages it sought); *DirecTV, Inc. v. Yancey*, No. Civ. A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that a hearing was "not required to enter default judgment" because plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"). The Court may rely instead on

affidavits or documentary evidence of record to determine the appropriate sum.  *See Monge*, 751 F. Supp. 2d at 794–95.

## III.   Discussion

Given that the Defendants have failed to plead or otherwise assert a defense, the Court deems all of Plaintiffs' factual allegations in the Complaint not pertaining to damages admitted. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780.  It is within the Court's discretion to grant default judgment when a defendant is unresponsive.  *See* Fed. R. Civ. P. 55(a)–(b); *see also*, *Park Co. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment when the defendant lost its summons and did not respond within the proper period); *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405–06 (D. Md. 2006) (holding that entry of default judgment was proper because defendant had been properly served with a complaint and did not respond, even after plaintiffs tried repeatedly to contact him); *see also*, *Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (concluding that default judgment was appropriate because defendant was "unresponsive for more than a year" after denial of his motion to dismiss, even though he was properly served with plaintiff's motions for entry of default and default judgment).

For the reasons stated below, it is my recommendation that Plaintiffs are entitled to default judgment.  In determining damages, I find that no evidentiary hearing is necessary and instead rely on the affidavits and other evidence of record to determine the appropriate sum.

This is a fairly straightforward case, as stated in the Complaint as well as the Affidavits in support.  Plaintiffs worked for Defendant Country Care for a specific number of hours at the incorrect pay.  As non-exempt employees, Plaintiffs were entitled to be paid one and one-half times their regular rates of pay for each hour worked in excess of forty hours per week.  29

U.S.C. § 207(a). Plaintiffs' affidavits and additional materials provide sufficient support for the hours worked and the wages earned. Under the FLSA, MWHL and MWPCL Defendant Country Care is liable for the damages claimed.

## IV.     Conclusion

Based on the foregoing, it is my recommendation that the Court grant Plaintiffs' Motion for judgment against Defendant Country Care, LLC in the following amounts: $13,275.12, plus prejudgment interest in the amount of $284.80 on behalf of Plaintiff Theresa Garner; and $32,062.32, plus prejudgment interest in the amount of $1,517.06 on behalf of Latrice Smith. The Court should award post-judgment interest and allow counsel an opportunity to submit an affidavit in support of reasonable attorney's fees and costs incurred.


September 25, 2014                                              /s/
                                                        Charles B. Day
                                                        United States Magistrate Judge