**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

March 18, 2015

RE: *Garner et al. v. Country Care, LLC et al.*
    PWG-13-2662

**LETTER ORDER**

Dear Parties:

On September 25, 2014, Magistrate Judge Charles B. Day issued his Report and Recommendations ("R&R"), ECF No. 18, with respect to Plaintiffs Theresa Garner and Latrice Smith's Motion for Default Judgment, ECF No. 9. Judge Day recommends that I grant Plaintiffs' Motion for Default Judgment as against Defendant Country Care, LLC ("Country Care"). R&R 6. No objections have been filed and the time to do so has passed. Loc. R. 301.5(b).

Although the R&R appears wholly correct with respect to Country Care, it does not purport to dispose of this case with respect to individual Defendant James Prodoehl. "As a general rule, 'when an action is brought against several defendants, charging them with joint liability,' judgment cannot be entered against a defendant 'until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.'" *Westfield Ins. Co. v. Site Maintenance, Inc.*, No. PWG-12-3145, 2013 WL 5164209, at *1 (D. Md. Sept. 11, 2013) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2690 (3d ed.)). Here, Plaintiffs have alleged joint and several liability on the part of Country Care and Prodoehl with respect to at least Counts I and II. *See* Compl. Accordingly, although I may ADOPT in part the reasoning in Judge Day's Report & Recommendations, I must MODIFY in part the Report and Recommendations and DENY the Motion for Default Judgment, without prejudice to renewing the motion once this case has been adjudicated with respect to Prodoehl.

During the pendency of the Motion for Default Judgment, Prodoehl filed a Suggestion of Bankruptcy advising the Court that he had filed a petition under Chapter 7 of the Bankruptcy Code on June 3, 2014. Suggestion of Bankr. Accordingly, I noted that Prodoehl's Chapter 7 petition automatically stayed this case with respect to him, pursuant to 11 U.S.C. § 362. Letter Order, ECF No. 14.

However, the Bankruptcy Code provides that, in a Chapter 7 case involving an individual, a stay under § 362 "continues until . . . the time a discharge is granted or denied." 11 U.S.C. § 362(c)(2)(C). The docket for Prodoehl's Chapter 7 petition, of which I may take judicial notice, Fed. R. Evid. 201, indicates that an order of discharge was entered on September 4, 2014. *See* Docket, *In re Prodoehl*, No. 14-19071 (Bankr. D. Md. Filed June 3, 2014). Accordingly, the stay automatically was lifted at that time, although neither party so advised the Court.

As a result of Prodoehl's discharge in bankruptcy, it is unclear that Plaintiffs may continue to proceed against him. Plaintiffs' cause of action likely would be considered a contingent claim against Prodoehl under 11 U.S.C. § 502. Ordinarily, this would require Prodoehl to list Plaintiffs' causes of action as liabilities pursuant to 11 U.S.C. § 521 in order to allow such claims to be determined by the bankruptcy court and discharged pursuant to 11 U.S.C. § 727. *See* 11 U.S.C. § 523(a)(3)(A) (debts not dischargeable if not listed under § 521 "unless such creditor had notice or actual knowledge of the case in time for such timely filing" of proof of claim"). However, because Prodoehl filed a Suggestion of Bankruptcy in this case, there is no question that Plaintiffs had "notice or actual knowledge" of his Chapter 7 petition, and therefore it is likely that Plaintiffs' claim was discharged by the order of discharge irrespective of whether he listed it under § 521.

Yet it remains possible that Plaintiffs have a good-faith basis for arguing that their claims were not covered by the order of discharge and still may be asserted against Prodoehl. Because Prodoehl filed a purported motion to dismiss asserting that he had served and filed an answer that never was docketed, Mot. to Dismiss, ECF No. 11,[1] and the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), if Prodoehl remains a party to this case it will be necessary to determine whether his default properly should be vacated and, if so, how to proceed with this matter.

It first is necessary to determine whether Plaintiffs have a valid, good-faith basis for asserting that their claims against Prodoehl were not discharged in his bankruptcy. Within twenty-one (21) days of this Letter Order, Plaintiffs SHALL ADVISE the Court as to whether they believe that there remains a valid basis on which to proceed against Prodoehl or, in the alternative, SHALL AMEND their complaint to remove him as a defendant.

In the interim, the Report and Recommendations, ECF No. 18, is ADOPTED with respect to its legal and factual findings, but MODIFIED with respect to its conclusion, and the Motion for Default Judgment, ECF No. 9, is DENIED without prejudice to renewal once Prodoehl's status is resolved.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/S/
Paul W. Grimm
United States District Judge

---

[1] The filing designated a motion to dismiss, ECF No. 11, actually appears to be an opposition to the motion for default judgment. Although the purported motion was struck with respect to Country Care for failure to comply with Local Rule 101.1(a), this defect did not affect Prodoehl's right to file papers *pro se* if he remains a valid party to this action.